IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION – CHARLOTTESVILLE DOCKET

IN RE:

PHYLLIS A. REHOR f/k/a
   Phyllis M. Cotton      and
ANTHONY A. REHOR,                           CHAPTER 13 NO. 10-60682

                      Debtors.
_____

PHYLLIS A. REHOR a/k/a
   Phyllis M. Cotton      and
ANTHONY A. REHOR,

                Plaintiffs,
vs.                                         ADVERSARY PROCEEDING
                        NO.
CAPITAL ONE BANK (USA),
   NATIONAL ASSOCIATION,
                    Defendant.


**COMPLAINT FOR JUDGMENT DECLARING CLAIM TO BE UNSECURED
AND TO AVOID LIEN**

     Anthony A. Rehor and Phyllis A. Rehor, Debtors in the above-captioned Chapter 13 case (the "Debtors") by their undersigned counsel, file this Complaint and state as follows:

**Jurisdiction**
     1.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2), and accordingly this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §157(a) and 157(b)(2).

**First Cause of Action: Declaratory Judgment**

     2.  The Debtors filed their petition for relief ("Petition") under Chapter 13 of the United States Bankruptcy Code on March 10, 2010.

     3.  Defendant Capital One Bank (USA) National Association ("Capital One Bank") is a National Bank engaged, among other businesses, in credit card lending, and is a creditor of the male Debtor.

     4. On January 5, 2010, fewer than 90 days prior to the date that the Debtor's filed their Petition, Capital One Bank recorded in the Orange County, Virginia Circuit Court clerk's office as Instrument Number 100000070 an Abstract of Judgment in its favor

1

granted by the Richmond, Virginia General District Court against the male Debtor in the amount of $3,163.24 plus costs and interest at the rate of 15.7% per annum from 11/10/2008. A copy of the Abstract of Judgment is attached hereto as Exhibit A.

5. At the time they filed their Petition in this case the Debtors were aware that Capital One Bank had obtained a judgment on the said debt, but were unaware of the exact amount and of the fact that Capital One Bank had recorded the said Abstract of Judgment in the Orange County, Virginia Circuit Court clerk's office. Accordingly on their Schedule F filed in this case the Debtors listed as an unsecured debt owed by the male debtor the amount of $3,508.07 owed to Capital One Bank.

6. The Debtors remained unaware of the recordation of the Abstract of Judgment even after Capital One Bank filed its two Proofs of Claim in this case, designated by the Court as Claim Numbers 3 and 4, copies of which are attached hereto as Exhibits B and C respectively. Both of Capital One Bank's Proofs of Claim were filed as unsecured claims, i.e. Section 4 of each Proof of Claim was left completely blank.

7. Capital One Bank's Proofs of Claim were, as alleged above, filed as unsecured claims. No objections were filed to those Proofs of Claim and accordingly those claims are deemed to allowed unsecured claims under 11 U.S.C §502(a). Such Proofs of Claim are not "allowed secured claims", and accordingly any lien represented thereby is void under 11 U.S.C §506(d).

8. The Debtors own, and listed on their Schedule A filed in this case, an improved parcel of residential real estate located at 26374 Indian Trace Trail, Unionville, VA 22567 (the "Property") in Orange County, Virginia and more particularly described as Lot 11, Section 3, Terry's Run as shown on a plat filed in Plat Cabinet H at pages 169 through 174 in the Orange County, Virginia Circuit Court clerk's office. The Abstract of Judgment may encumber or appear of record to encumber the said real property.

**WHEREFORE**, the Debtors pray that this Court enter an Order granting a judgment declaring that any lien represented by or resulting from the recordation of the said Abstract of Judgment in the Orange County, Virginia Circuit Court clerk's office is void pursuant to 11 U.S.C §506(d), and providing such further relief as the Court may find appropriate.

**Second Cause of Action: Avoidance of Lien pursuant to 11 U.S.C §547(b)**

9. The allegations set forth above in paragraphs 1 through 8 are hereby re-alleged and incorporated herein.

10. Recordation by Capital One Bank of the said Abstract of Judgment in the Orange County, Virginia Circuit Court clerk's office constitutes transfer of an interest in property of the Debtors that is described by and satisfies all of the elements of 11 U.S.C §547(b)(1) through §547(b)(5).

   **WHEREFORE**, the Debtors pray that this Court enter an Order avoiding any lien represented by or resulting from the recordation of the said Abstract of Judgment in the Orange County, Virginia Circuit Court clerk's office pursuant to 11 U.S.C §547(b), and providing such further relief as the Court may find appropriate.

Dated: March 30, 2011.

               Respectfully submitted,

               PHYLLIS A. REHOR
               ANTHONY A. REHOR
               By Counsel

/s/ Richard D. Shepherd
Richard D. Shepherd  VSB #19976
The Law Office of Richard Shepherd
P.O. Box 1045, Troy, VA 22974-1045
(434) 242-0329
Counsel for Debtors/ Plaintiffs